# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CIVIL DOCKET FOR CASE #: <u>4:17–cv–00875–NAB</u>

Morrison v. Hale

Assigned to: Magistrate Judge Nannette A. Baker

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/09/2017

Date Terminated: 03/19/2019

Jury Demand: Defendant

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

### **Plaintiff**

**Herbert W. Morrison, Jr.**

represented by **Herbert W. Morrison, Jr.**
#353076
SECC
Southeast Correctional Center
300 E. Pedro Simmons Drive
Charleston, MO 63834
PRO SE

V.

### **Defendant**

**Andrew Hale**
*Officer, Individual Capacity*

represented by **Rachel A. Bates**
HELLMICH HILL LLC
1049 N. Clay Ave.
Kirkwood, MO 63122
314–646–1110
Email: rachel@hellmichhillretter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

### **Defendant**

**Timothy Sweeso**
*Officer, Individual Capacity*
*TERMINATED: 06/05/2017*

### **Defendant**

**Shawn Reiland**
*Officer, Individual Capacity*
*TERMINATED: 06/05/2017*

### **Defendant**

**Timothy Green**
*Officer, Individual Capacity*
*TERMINATED: 06/05/2017*

**Defendant**

**John Doe 1–2**
*Officers, Individual Capacity*
*TERMINATED: 06/05/2017*

**Defendant**

**City of Florissant**
*TERMINATED: 06/05/2017*

**Defendant**

**Ashley Bailey–Smith**
*Assistant Prosecuting Attorney,*
*Individual Capacity*
*TERMINATED: 06/05/2017*

**Defendant**

**Steven Grim**
*Officer, Individual Capacity*
*TERMINATED: 06/05/2017*

**Defendant**

**Tina M. Broadway**
*TERMINATED: 06/05/2017*

**Defendant**

**Robyn Ambs**
*TERMINATED: 06/05/2017*

**Defendant**

**Kathleen M. Pickett**
*TERMINATED: 06/05/2017*

 Email All Attorneys
(will not send to terminated parties)

 Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/09/2017 | 1 | | DCM COMPLAINT against defendant Robyn Ambs, Ashley Bailey–Smith, Tina M. Broadway, City of Florissant, Timothy Green, Steven Grim, Andrew Hale, John Doe 1–2, Kathleen M. Pickett, Shawn Reiland, Timothy Sweeso, filed by Herbert W. Morrison, Jr. (Attachments: # 1 Original Filing Form, # 2 Judge Assignment Label, # 3 Envelope)(DJO) (Entered: 03/10/2017) |
| 03/09/2017 | 2 | | MOTION for Leave to Proceed in forma pauperis under 42:1983 (prisoner) by Plaintiff Herbert W. Morrison, Jr. (DJO) (Entered: 03/10/2017) |

| 03/10/2017 | | | ***Complaint Letter Created. This is to advise you that this office has received and filed your complaint and has assigned it the above–referenced case number. (DJO) (Entered: 03/10/2017) |
|---|---|---|---|
| 03/10/2017 | | | Case Opening Notification: All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction. Click here for the instructions. Judge Assigned: Honorable Nannette A. Baker. (DJO) (Entered: 03/10/2017) |
| 03/10/2017 | | | ***Complaint Letter Processed (see notice of electronic filing for distribution list) Fri Mar 10 16:01:06 CST 2017 (admin,) (Entered: 03/10/2017) |
| 03/10/2017 | 3 | | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401. (CSAW) (Entered: 03/10/2017) |
| 03/21/2017 | 4 | | ORDER IT IS HEREBY ORDERED that, within twenty–one (21) days from the date of this Order, plaintiff must submit a certified copy of his prison account statement for the six–month period immediately preceding the filing of the complaint. Response to Court due by 4/12/2017. Signed by Magistrate Judge Nannette A. Baker on 3/21/17. (CLA) (Entered: 03/21/2017) |
| 03/21/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 4. Tue Mar 21 13:39:31 CDT 2017 (Abrams, Carrie) (Entered: 03/21/2017) |
| 03/31/2017 | 5 | | MOTION for Extension of Time to File Response/Reply as to 4 Order by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/31/2017) |
| 04/04/2017 | 6 | | ORDER – IT IS HEREBY ORDERED that the motion for extension of time filed by plaintiff Herbert W. Morrison, Jr. (Docket No. 5 ) is GRANTED to the extent plaintiff seeks an additional ten days to submit a certified inmate account statement in accordance with this Courts March 21, 2017 Order. IT IS FURTHER ORDERED that plaintiff shall have to and including Friday, April 21, 2017 to submit a certified inmate account statement in accordance with this Courts March 21, 2017 Order. (Statement due by 4/21/2017) Signed by Magistrate Judge Nannette A. Baker on 4/4/17. (KJS) (Entered: 04/04/2017) |
| 04/04/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 6. Tue Apr 4 12:06:33 CDT 2017 (Shirley, Kelley) (Entered: 04/04/2017) |
| 04/11/2017 | 7 | | Letter from Clerk sent to Pro Se Plaintiff Herbert W. Morrison, Jr re: Failure to file Notice Regarding Magistrate Judge Jurisdiction. (KJS) (Entered: 04/11/2017) |
| 04/11/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 7. Tue Apr 11 09:31:16 CDT 2017 (Shirley, Kelley) (Entered: 04/11/2017) |
| 04/11/2017 | 8 | | Request to withdraw mtn. for additional time to submit cert. acct. statement. by Plaintiff Herbert W. Morrison, Jr. (CLA) (Entered: 04/11/2017) |
| 04/11/2017 | 9 | | Certified Inmate Account Statement by Plaintiff Herbert W. Morrison, Jr. (CLA) (Entered: 04/11/2017) |
| 05/17/2017 | 10 | | MEMORANDUM AND ORDER IT IS HEREBY ORDERED that plaintiffs motion to proceed in forma pauperis (Docket No. 2) is GRANTED. IT IS |

| | | | |
|---|---|---|---|
| | | | FURTHER ORDERED that plaintiff must pay an initial filing fee of $35.83 within twenty−one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to Clerk, United States District Court, and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding. IT IS FURTHER ORDERED that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within twenty−one (21) days of the date of this Memorandum and Order. IT IS FURTHER ORDERED that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed. If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice. 2 ( Response to Court due by 6/7/2017.) Signed by Magistrate Judge Nannette A. Baker on 5/17/17. cc: 2 copies mailed to pltff.(CLA) (Entered: 05/17/2017) |
| 05/17/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 10. Wed May 17 14:57:28 CDT 2017 (Abrams, Carrie) (Entered: 05/17/2017) |
| 06/02/2017 | | | Receipt 4644065040 in the amount of $36.00 for PLRA CIVIL FILING FEE on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 06/04/2017) |
| 06/05/2017 | 11 | | AMENDED COMPLAINT against defendant Andrew Hale Amendment to 1 DCM Complaint, filed by Herbert W. Morrison, Jr. (KJS) (Entered: 06/06/2017) |
| 06/07/2017 | 12 | | Letter to D.O.C. re:initiation of prisoner's installment payments for filing fee (KXS) (Entered: 06/07/2017) |
| 08/07/2017 | | | Receipt CT T00126 in the amount of $36.70 for PLRA FILING FEE on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 08/16/2017) |
| 08/09/2017 | 13 | | Letter to Court from Petitioner re:status of case. Copy of docket sheet mailed. (CLA) (Entered: 08/09/2017) |
| 08/17/2017 | 14 | | OPINON MEMORANDUM AND ORDER IT IS HEREBY ORDERED that plaintiffs official capacity claims against defendantAndrew Hale are DISMISSED.IT IS FURTHER ORDERED that the Clerk of Court shall issue process or causeprocess to issue upon the amended complaint as to defendant Andrew Hale in his individual capacity.IT IS HEREBY CERTIFIED that an appeal from this partial dismissal would not be taken in good faith. Signed by District Judge Henry Edward Autrey on 8/17/17. (CLA) (Entered: 08/17/2017) |
| 08/17/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 14. Thu Aug 17 12:50:54 CDT 2017 (Abrams, Carrie) (Entered: 08/17/2017) |
| 08/17/2017 | 15 | | ORDER OF DISMISSAL IT IS HEREBY ORDERED that plaintiffs official capacity claims against defendant Andrew Hale are DISMISSED.IT IS HEREBY CERTIFIED that an appeal from this partial dismissal would not be taken in good faith.Signed by District Judge Henry Edward Autrey on 8/17/17. (CLA) (Entered: 08/17/2017) |
| 08/17/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 15. Thu Aug 17 12:53:12 CDT 2017 (Abrams, Carrie) (Entered: 08/17/2017) |
| 08/17/2017 | | | Summons Issued as to defendant Andrew Hale. The summons was hand delivered to USM. (CLA) (Entered: 08/17/2017) |

| 08/25/2017 | 16 | | SUMMONS Returned Executed filed by Herbert W. Morrison, Jr. Andrew Hale served on 8/24/2017, answer due 9/14/2017. (KKS) (Entered: 08/28/2017) |
|---|---|---|---|
| 08/28/2017 | 17 | | MOTION for Leave of Court to submit Second Amended Complaint by Plaintiff Herbert W. Morrison, Jr. (per letter attached to motion, Prisoner Civil Rights Complaint form mailed) (KKS) (Entered: 08/28/2017) |
| 08/29/2017 | 18 | | ORDER: IT IS HEREBY ORDERED that plaintiff's motion for leave to amend (Docket No. 17 ) is DENIED as moot. Signed by Magistrate Judge Nannette A. Baker on 8/29/2017. (CLO) (Entered: 08/29/2017) |
| 08/29/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 18. Mailed to party not set up for electronic notification. Tue Aug 29 15:29:19 CDT 2017 (Olliges, Chelsea) (Entered: 08/29/2017) |
| 09/05/2017 | | | Receipt CT T00134 in the amount of $36.70 for PLRA FILING FEE on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 09/13/2017) |
| 09/14/2017 | 19 | | ANSWER to 11 Amended Complaint by Andrew Hale.(Bates, Rachel) (Entered: 09/14/2017) |
| 09/14/2017 | 20 | | MOTION for Leave to File an Amended Complaint by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Amended Complaint)(KJS) (Entered: 09/19/2017) |
| 09/20/2017 | | | Notice from Clerk instructing Defendant Andrew Hale to submit Notice regarding Magistrate Judge Jurisdiction. Click here for the instructions. Notice re: Magistrate Judge Jurisdiction due by 9/27/2017. (KJS) (Entered: 09/20/2017) |
| 09/20/2017 | 21 | | FULL CONSENT has been received by Defendant Andrew Hale, Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 09/20/2017) |
| 09/22/2017 | 22 | | ORDER: IT IS HEREBY ORDERED that plaintiffs motion for leave to amend (Docket No. 20 ) is DENIED as moot. IT IS FURTHER ORDERED that the Clerk of Court shall detach and file, from docket number 20, Attachment 1, plaintiffs Amended Complaint. IT IS FURTHER ORDERED that defendant shall respond to the Amended Complaint within the time provided by the Federal Rules of Civil Procedure. Signed by Magistrate Judge Nannette A. Baker on 9/22/17. (JAB) (Entered: 09/22/2017) |
| 09/22/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 22. Mailed to party not set up for electronic notification Fri Sep 22 16:24:36 CDT 2017 (Bernsen, John) (Entered: 09/22/2017) |
| 09/22/2017 | 23 | | AMENDED COMPLAINT against defendant Andrew Hale. Amendment to 1 DCM Complaint, filed by Herbert W. Morrison, Jr. Related document: 1 DCM Complaint, filed by Herbert W. Morrison, Jr..(JAB) (Entered: 09/22/2017) |
| 10/05/2017 | | | Receipt CT T00131 in the amount of $36.70 for PLRA FILING FEE on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 10/17/2017) |
| 10/06/2017 | 24 | | ANSWER to 23 Amended Complaint by Andrew Hale.(Bates, Rachel) (Entered: 10/06/2017) |
| 10/06/2017 | 25 | | |

| | | | CASE MANAGEMENT ORDER Motion to Join Parties due by 11/6/2017. Discovery Completion due by 4/6/2018. Dispositive Motions due by 5/7/2018. Signed by Magistrate Judge Nannette A. Baker on 10/6/17. (CLA) (Entered: 10/06/2017) |
|---|---|---|---|
| 10/06/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 25. Fri Oct 6 14:13:50 CDT 2017 (Abrams, Carrie) (Entered: 10/06/2017) |
| 10/16/2017 | 26 | | PRO SE MOTION for Modification of Time Limits by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 10/16/2017) |
| 10/16/2017 | 27 | | PRO SE MOTION Requesting Redaction Clarification by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 10/16/2017) |
| 10/16/2017 | 28 | | MOTION to Withdraw 26 PRO SE MOTION for Modification of Time Limits by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 10/16/2017) |
| 11/01/2017 | 29 | | SEALED DOCUMENT re: Redacted Personal Identifiers Information Reference Sheet by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Attachment, # 2 Envelope)(CLO) (Entered: 11/01/2017) |
| 11/06/2017 | 30 | | ORDER – IT IS HEREBY ORDERED that plaintiff's motion for redaction clarification (DocketNo. 27 ) is GRANTED. Signed by Magistrate Judge Nannette A. Baker on 11/6/17. (KKS) (Entered: 11/06/2017) |
| 11/06/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 30. Mailed to party not set up for electronic notification. Mon Nov 6 15:43:03 CST 2017 (Stamm, Katie) (Entered: 11/06/2017) |
| 11/06/2017 | | | Receipt CT T00129 in the amount of $26.70 for PLRA FILING FEE on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 02/16/2018) |
| 11/14/2017 | 31 | | PRO SE MOTION requesting two blank subpoenas for the production of documents information or objects. Upon providing the deft. a copy of each completed subpoena, I will next return the completed subpoenas to the clerk's office requesting consideration fo service by the USM Office. by Plaintiff Herbert W. Morrison, Jr. (CLA) (Entered: 11/14/2017) |
| 11/20/2017 | 32 | | MEMORANDUM AND ORDER – IT IS HEREBY ORDERED that the Clerk of the Court shall send Plaintiff two blank subpoena forms, which Plaintiff may fill out as required by this Memorandum and Order and return to the Court with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal. IT IS FURTHER ORDERED that if Plaintiff requests additional blank subpoena forms in the future, each such request must be accompanied by a Memorandum for Clerk that includes the following information for each requested subpoena: (1) the name of the person or entity Plaintiff seeks to serve; (2) the specific documents Plaintiff seeks; (3) how the specified documents are relevant to Plaintiffs case; (4) why Plaintiff believes the person or entity to be subpoenaed has possession of the documents; and (5) how Plaintiff will provide the necessary costs related to document productions. (Mailed Plaintiff two blank subpoena forms attached to this order herein.) Signed by Magistrate Judge Nannette A. Baker on 11/20/17. (KJS) (Entered: 11/20/2017) |
| 11/20/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 32. Mon Nov 20 16:40:26 CST 2017 (Shirley, Kelley) (Entered: 11/20/2017) |

| 11/22/2017 | 33 | | MOTION to Amend/Correct 24 Answer to Amended Complaint by Defendant Andrew Hale. (Attachments: # 1 Attachment Proposed Amended Answer)(Bates, Rachel) (Entered: 11/22/2017) |
|---|---|---|---|
| 11/22/2017 | 34 | | MEMORANDUM in Support of Motion re 33 MOTION to Amend/Correct 24 Answer to Amended Complaint filed by Defendant Andrew Hale. (Bates, Rachel) (Entered: 11/22/2017) |
| 11/27/2017 | 35 | | Docket Text ORDER: Defendant's Motion to Amend/Correct Defendant's Answer (Docket No. 33) is ORDERED GRANTED. IT IS FURTHER ORDERED that the Clerk of the Court shall detach and file, from Docket Number 33, Attachment 1, Defendant's Amended Answer to Plaintiff's Amended Complaint. Signed by Magistrate Judge Nannette A. Baker on November 27, 2017. (HEH) (Entered: 11/27/2017) |
| 11/28/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 35. Tue Nov 28 08:46:55 CST 2017 (Abrams, Carrie) (Entered: 11/28/2017) |
| 11/28/2017 | 36 | | AMENDED ANSWER to Complaint. by Andrew Hale.(CLA) (Entered: 11/28/2017) |
| 12/04/2017 | 37 | | RESPONSE to (Termed) Motion re 33 MOTION to Amend/Correct 24 Answer to Amended Complaint filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 12/04/2017) |
| 12/07/2017 | | | Receipt CT T00128 in the amount of $26.70 for PLRA FILING FEE on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 02/15/2018) |
| 12/08/2017 | 38 | | Letter to Court from petitioner re:req. a copy of doc. #35. Mailed. (CLA) (Entered: 12/08/2017) |
| 12/13/2017 | 39 | | MOTION for Extension of the time limit stipulated in Local Rule 4.01(B) of seven days to file opposing motions and memorandums to fourteen days. by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Memorandum in Support, # 2 Envelope)(KKS) (Entered: 12/13/2017) |
| 12/14/2017 | 40 | | ORDER – IT IS HEREBY ORDERED that Plaintiffs Motion to Extend Time (Doc. No. 39 ) is DENIED. Signed by Magistrate Judge Nannette A. Baker on 12/14/17. (KJS) (Entered: 12/14/2017) |
| 12/14/2017 | | | ORDER RECEIPT: (see receipt) Docket No: 40. Thu Dec 14 17:01:36 CST 2017 (Shirley, Kelley) (Entered: 12/14/2017) |
| 02/05/2018 | | | Receipt CT T00139 in the amount of $31.70 for PLRA FILING FEE 086400 on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 02/15/2018) |
| 03/05/2018 | 46 | | MOTION to Compel Discovery by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/05/2018) |
| 03/05/2018 | 47 | | MEMORANDUM in Support of Motion re 46 MOTION to Compel filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/05/2018) |
| 03/05/2018 | 48 | | MOTION to Compel Supplemented Answers to Interrogatories by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/05/2018) |
| 03/05/2018 | 49 | | MEMORANDUM in Support of Motion re 48 MOTION to Compel filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/05/2018) |

| | | | |
|---|---|---|---|
| 03/06/2018 | 50 | | RESPONSE to Motion re 48 MOTION to Compel *Supplemented Answers to Interrogatories* filed by Defendant Andrew Hale. (Attachments: # 1 Attachment Defendant's Response to Plaintiff's Interrogatories)(Bates, Rachel) (Entered: 03/06/2018) |
| 03/06/2018 | 51 | | RESPONSE to Motion re 46 MOTION to Compel filed by Defendant Andrew Hale. (Attachments: # 1 Attachment Defendant's Response to Plaintiff's Request for Documents and Electronically Stored Information)(Bates, Rachel) (Entered: 03/06/2018) |
| 03/26/2018 | 52 | | MOTION for Extension of Time to File Response/Reply as to 46 MOTION to Compel, 48 MOTION to Compel by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Memorandum in Support of Motion)(KJS) (Entered: 03/27/2018) |
| 03/26/2018 | 53 | | REPLY to Response to Motion re 46 MOTION to Compel filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/27/2018) |
| 03/26/2018 | 54 | | REPLY to Response to Motion re 48 MOTION to Compel filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 03/27/2018) |
| 04/09/2018 | 55 | | SECONDARY MOTION to Compel Discovery by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 04/09/2018) |
| 04/09/2018 | 56 | | MEMORANDUM in Support of Motion re 55 SECONDARY MOTION to Compel Discovery filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 04/09/2018) |
| 04/10/2018 | 57 | | RESPONSE to Motion re 55 MOTION to Compel filed by Defendant Andrew Hale. (Attachments: # 1 Exhibit FedEx Proof of Delivery)(Bates, Rachel) (Entered: 04/10/2018) |
| 04/16/2018 | 58 | | MEMORANDUM AND ORDER – IT IS HEREBY ORDERED that Plaintiffs Motion for an Order Compelling Discovery, (Doc. No. 46 ) is DENIED. IT IS HEREBY FURTHER ORDERED that Plaintiffs Motion for an Order Compelling Supplemented Answers to Interrogatories (Doc. No. 48 ) is GRANTED in part and DENIED in part as set forth above. Defendant is ordered to provide the names and employers of each person who escorted Morrison to the Florissant holding facility on November 11, 2013, within fourteen days after the date this order is entered. Signed by Magistrate Judge Nannette A. Baker on 4/16/18. (KJS) (Entered: 04/16/2018) |
| 04/16/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 58. Mon Apr 16 16:46:30 CDT 2018 (Shirley, Kelley) (Entered: 04/16/2018) |
| 04/25/2018 | 59 | | MOTION for Leave to amend secondary motion for an order compelling discovery. by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 memo in support, # 2 amended secondary motion for an order compelling discovery, # 3 memo in support)(CLA) (Entered: 04/26/2018) |
| 04/30/2018 | 60 | | MOTION for Leave to file revised motion for an order compelling discovery. by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 memo in support, # 2 revised motion for an order compelling discovery, # 3 memo in support)(CLA) (Entered: 04/30/2018) |
| 05/01/2018 | 61 | | |

| | | | RESPONSE to Motion re 59 MOTION for Leave to amend secondary motion for an order compelling discovery. filed by Defendant Andrew Hale. (Attachments: # 1 Exhibit 1: Defendant's Response to Plaintiff's Request for Discovery dated January 23, 2018, # 2 Exhibit 2: Defendant's Response to Plaintiff's Third Request for Electronically Stored Information dated January 23, 2018, # 3 Exhibit 3: Defendant's Response to Petitioner's Request for Additional Discovery Dated January 31, 2018, # 4 Exhibit 4: Defendant's Response to Plaintiff's Request to be Provided DVD Containing Photographs of Plaintiff's Property)(Bates, Rachel) (Entered: 05/01/2018) |
|---|---|---|---|
| 05/04/2018 | 62 | | RESPONSE to Motion re 60 MOTION for Leave to file revised motion for an order compelling discovery. filed by Defendant Andrew Hale. (Bates, Rachel) (Entered: 05/04/2018) |
| 05/07/2018 | 63 | | MOTION for Summary Judgment by Defendant Andrew Hale. (Bates, Rachel) (Entered: 05/07/2018) |
| 05/07/2018 | 64 | | MEMORANDUM in Support of Motion re 63 MOTION for Summary Judgment filed by Defendant Andrew Hale. (Bates, Rachel) (Entered: 05/07/2018) |
| 05/07/2018 | 65 | | STATEMENT of Material Facts re 63 MOTION for Summary Judgment filed by Defendant Andrew Hale. (Attachments: # 1 Exhibit 1: Redacted Search Warrant and Affidavit, # 2 Exhibit 2: Consent to Search, # 3 Exhibit 3: Redacted Booking Sheet, # 4 Exhibit 4: State v Morrison Criminal Proceedings, # 5 Exhibit 5: State v Morrison Motion to Suppress Pleadings, # 6 Exhibit 6: Excerpts from H. Morrison Deposition)(Bates, Rachel) (Entered: 05/07/2018) |
| 05/17/2018 | 66 | | MOTION for Default Judgment as to Party deft. by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 memo in support, # 2 affidavit)(CLA) (Entered: 05/17/2018) |
| 05/17/2018 | 67 | | MOTION for Extension of: time to file reply to deft.'s response to pltff.'s amended secondary motion for an order compelling discovery. by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 memo in support)(CLA) (Entered: 05/17/2018) |
| 05/17/2018 | 68 | | REPLY to Response to Motion re 60 MOTION for Leave to file revised motion for an order compelling discovery filed by Plaintiff Herbert W. Morrison, Jr. (CLA) Modified on 4/22/2019 (AAS). (Entered: 05/17/2018) |
| 05/17/2018 | 69 | | REPLY to Response to Motion re 59 MOTION for Leave to amend secondary motion for an order compelling discovery. filed by Plaintiff Herbert W. Morrison, Jr. (CLA) (Entered: 05/17/2018) |
| 05/24/2018 | 70 | | RESPONSE to Motion re 66 MOTION for Default Judgment as to Party deft. filed by Defendant Andrew Hale. (Attachments: # 1 Attachment Defendant's Supplemental Response to Plaintiff's Interrogatory No. 6)(Bates, Rachel) (Entered: 05/24/2018) |
| 05/29/2018 | 71 | | MOTION to Stay FOR TIME IO RESPOND IO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 05/29/2018) |
| 05/29/2018 | 72 | | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM in Support of Motion re 71 MOTION to Stay filed by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 05/29/2018) |
| 06/19/2018 | 73 | | MOTION for Extension of Time to File Response/Reply as to 63 MOTION for Summary Judgment by Defendant Andrew Hale. (Bates, Rachel) (Entered: 06/19/2018) |
| 06/19/2018 | 74 | | MOTION for Leave to File in Excess of Page Limitation by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 06/19/2018) |
| 06/19/2018 | 75 | | MEMORANDUM in Support of Motion re 74 MOTION for Leave to File in Excess of Page Limitation filed by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 06/19/2018) |
| 06/19/2018 | 76 | | RESPONSE in Opposition re 63 MOTION for Summary Judgment filed by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 06/19/2018) |
| 06/19/2018 | 77 | | RESPONSE to Statement of Material Facts re 65 Statement of Material Facts, filed by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Exhibit 8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11, # 5 Exhibit 12, # 6 Exhibit 13, # 7 Exhibit 14, # 8 Exhibit 15)(AAS) (Entered: 06/19/2018) |
| 06/25/2018 | 78 | | MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibits 8 and 12* by Defendant Andrew Hale. (Bates, Rachel) (Entered: 06/25/2018) |
| 06/25/2018 | 79 | | MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibit 9, Affidavit of H. Morrison* by Defendant Andrew Hale. (Bates, Rachel) (Entered: 06/25/2018) |
| 06/25/2018 | 80 | | MEMORANDUM in Support of Motion re 79 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibit 9, Affidavit of H. Morrison* filed by Defendant Andrew Hale. (Bates, Rachel) (Entered: 06/25/2018) |
| 06/28/2018 | 81 | | Docket Text ORDER: Re: 74 MOTION for Leave to File in Excess of Page Limitation by Plaintiff Herbert W. Morrison, Jr. is ORDERED GRANTED. Signed by Magistrate Judge Nannette A. Baker on June 28, 2018. (HEH) (Entered: 06/28/2018) |
| 06/29/2018 | 82 | | Docket Text ORDER: Re: [Doc. 73] Defendant's MOTION for Extension of Time to File a Reply to Plaintiff's Response to [Doc. 63] MOTION for Summary Judgment is ORDERED GRANTED in part and DENIED in part. The Court will GRANT Defendant's request to have until July 3, 2018, to file his reply. Defendant shall have until July 3, 2018 to file his reply. The Court will DENY Defendant's alternative request to delay his reply until after the Court rules on Plaintiff's discovery motions. Signed by Magistrate Judge Nannette A. Baker on June 20, 2018. (HEH) (Entered: 06/29/2018) |
| 07/02/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 81. Mon Jul 2 09:31:40 CDT 2018 (Shepard, Alicia) (Entered: 07/02/2018) |
| 07/02/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 82. Mon Jul 2 09:31:46 CDT 2018 (Shepard, Alicia) (Entered: 07/02/2018) |
| 07/03/2018 | 83 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to Response to Motion re 63 MOTION for Summary Judgment filed by Defendant Andrew Hale. (Attachments: # 1 Attachment Reply to Plaintiff's Response to the Statement of Uncontroverted Material Facts in Support of Defendant's Motion for Summary Judgment)(Bates, Rachel) (Entered: 07/03/2018) |
| 07/05/2018 | 84 | | RESPONSE to Motion re 78 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibits 8 and 12* filed by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 07/05/2018) |
| 07/05/2018 | | | Receipt CT T00142 in the amount of $54.70 for PLRA FILING FEE 086400 on behalf of Herbert W. Morrison Jr. (CCAM) (Entered: 07/11/2018) |
| 07/09/2018 | 85 | | MOTION for Leave to FILE RESPONSE OUT OF TIME by Plaintiff Herbert W. Morrison, Jr.(AAS) (Entered: 07/09/2018) |
| 07/09/2018 | 86 | | MEMORANDUM in Support of Motion re 85 MOTION for Leave to FILE RESPONSE OUT OF TIME filed by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 07/09/2018) |
| 07/09/2018 | 87 | | RESPONSE to Motion re 79 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibit 9, Affidavit of H. Morrison* filed by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 07/09/2018) |
| 07/10/2018 | 88 | | Docket Text ORDER – IT IS HEREBY ORDERED that Plaintiff Herbert W. Morrison, Jr.'s 85 MOTION for Leave to FILE RESPONSE OUT OF TIME is GRANTED. Signed by Magistrate Judge Nannette A. Baker on 7/10/2018. (GGB) (Entered: 07/10/2018) |
| 07/10/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 88. Tue Jul 10 14:10:09 CDT 2018 (Abrams, Carrie) (Entered: 07/10/2018) |
| 07/12/2018 | 89 | | MOTION TO DETACH UNREDACIED EXHIBITS AND FILE SAME UNDER SEAL, AND ATTACH REDACIED EXHIBITS by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Exhibit 8, # 2 Exhibit 10, # 3 Exhibit 12)(AAS) (Entered: 07/13/2018) |
| 07/12/2018 | 90 | | MEMORANDUM in Support of Motion re 89 PRO SE MOTION TO DETTACH UNREDACIED EXHIBITS AND FILE SAME UNDER SEAL, AND ATIACH REDACTED EXHIBITS filed by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 07/13/2018) |
| 07/13/2018 | 91 | | REPLY to Response to Motion re 79 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibit 9, Affidavit of H. Morrison* filed by Defendant Andrew Hale. (Bates, Rachel) (Entered: 07/13/2018) |
| 07/27/2018 | 92 | | MOTION for Extension of Time to File Reply as to 78 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibits 8 and 12*, 79 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibit 9, Affidavit of H. Morrison* by Plaintiff Herbert W. Morrison, Jr. (AAS) (Entered: 07/27/2018) |
| 07/27/2018 | 93 | | MEMORANDUM in Support of Motion re 92 MOTION for Extension of Time to File Response/Reply as to 78 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibits 8 and 12*, 79 MOTION to Strike 77 Response to Statement of Material Facts, <i filed by Plaintiff Herbert |

| | | | |
|---|---|---|---|
| | | | W. Morrison, Jr. (AAS) (Entered: 07/27/2018) |
| 08/01/2018 | 94 | | Docket Text ORDER Re: 92 MOTION for Extension of Time to File Reply as to MOTION to Strike Response filed by Plaintiff Herbert W. Morrison, Jr. is ORDERED GRANTED. Plaintiff has up to and including August 6, 2018, to file a response. Signed by Magistrate Judge Nannette A. Baker on August 1, 2018. (HEH) (Entered: 08/01/2018) |
| 08/02/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 94. Thu Aug 2 08:42:13 CDT 2018 (Shepard, Alicia) (Entered: 08/02/2018) |
| 08/06/2018 | 95 | | RESPONSE to Motion re 78 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibits 8 and 12*, 79 MOTION to Strike 77 Response to Statement of Material Facts, *Specifically Exhibit 9, Affidavit of H. Morrison* filed by Plaintiff Herbert W. Morrison, Jr. (CLA) (Entered: 08/06/2018) |
| 08/15/2018 | 96 | | Docket Text ORDER: Re: [Doc. 28] Plaintiff's MOTION to Withdraw PRO SE MOTION for Modification of Time Limits (Doc. 26) is ORDERED GRANTED. Signed by Magistrate Judge Nannette A. Baker on August 15, 2018. (HEH) (Entered: 08/15/2018) |
| 08/15/2018 | 97 | | Docket Text ORDER: Re: [Doc. 26] Plaintiff's PRO SE MOTION for Modification of Time Limits is ORDERED DENIED as MOOT. Signed by Magistrate Judge Nannette A. Baker on August 15, 2018. (HEH) (Entered: 08/15/2018) |
| 08/16/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 96. Thu Aug 16 09:04:53 CDT 2018 (Abrams, Carrie) (Entered: 08/16/2018) |
| 08/16/2018 | | | ORDER RECEIPT: (see receipt) Docket No: 97. Thu Aug 16 09:05:09 CDT 2018 (Abrams, Carrie) (Entered: 08/16/2018) |
| 03/19/2019 | 98 | 14 | MEMORANDUM AND ORDER IT IS HEREBY ORDERED that Defendants Motion for Summary Judgment (Doc. 63) is GRANTED. IT IS FURTHER ORDERED that Plaintiffs Motion for Extension of Time to File Reply (Doc. 52) is DENIED as moot. IT IS FURTHER ORDERED that Plaintiffs Motion to Compel (Doc. 55) is DENIED as moot. IT IS FURTHER ORDERED that Plaintiffs Motion for Leave to Amend Secondary Motion for an Order Compelling Discovery (Doc. 59) is DENIED as moot. IT IS FURTHER ORDERED that Plaintiffs Motion for Leave to File Revised Motion for an Order Compelling Discovery (Doc. 60) is DENIED. IT IS FURTHER ORDERED that Plaintiffs Motion for Default Judgment (Doc. 66) is DENIED. IT IS FURTHER ORDERED that Plaintiffs Motion for Extension of Time to File Reply to Defendants Response to Plaintiffs Amended Secondary Motion for an Order Compelling Discovery (Doc. 67) is DENIED as moot. IT IS FURTHER ORDERED that Plaintiffs Motion to Stay (Doc. 71) is DENIED as moot. IT IS FURTHER ORDERED that Defendants Motion to Strike Plaintiffs Exhibits 8 and 12 (Doc. 78) is DENIED. IT IS FURTHER ORDERED that Defendants Motion to Strike Plaintiffs Exhibit 9 (Doc. 79) is DENIED. IT IS FINALLY ORDERED that Plaintiffs Motion to Redact Exhibits (Doc. 89) is DENIED as moot. An appropriate judgment shall accompany this Memorandum and Order. 59 67 78 77 71 60 52 55 79 77 63 89 Signed by Magistrate Judge Nannette A. Baker on 3/19/19. (CLA) (Entered: 03/19/2019) |

| | | | |
|---|---|---|---|
| 03/19/2019 | | | ORDER RECEIPT: (see receipt) Docket No: 98. Tue Mar 19 07:08:15 CDT 2019 (Abrams, Carrie) (Entered: 03/19/2019) |
| 03/19/2019 | 99 | 31 | JUDGMENT IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Motion for Summary Judgment (Doc. 63) is GRANTED. Signed by Magistrate Judge Nannette A. Baker on 3/19/19. (CLA) (Entered: 03/19/2019) |
| 03/19/2019 | | | ORDER RECEIPT: (see receipt) Docket No: 99. Tue Mar 19 07:09:45 CDT 2019 (Abrams, Carrie) (Entered: 03/19/2019) |
| 04/01/2019 | 100 | | Letter to Clerk of Court from Herbet Moore re:requesting copy of notice of appeal (cc: morrison copy of notice of appeal) (AAS) (Entered: 04/01/2019) |
| 04/15/2019 | 101 | | MOTION for Leave to Proceed in forma pauperis on Appeal by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Exhibit)(KJS) (Entered: 04/15/2019) |
| 04/15/2019 | 102 | 32 | NOTICE OF APPEAL as to 99 Judgment – (Case) by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 04/15/2019) |
| 04/19/2019 | 103 | | Certified Inmate Account Statement by Plaintiff Herbert W. Morrison, Jr. (KJS) (Entered: 04/19/2019) |
| 04/19/2019 | 104 | 33 | Docket Text ORDER: Re: 101 MOTION for Leave to Proceed in forma pauperis on Appeal by Plaintiff Herbert W. Morrison, Jr. (Attachments: # 1 Exhibit)(KJS) filed by Herbert W. Morrison, Jr.; GRANTED. Signed by Magistrate Judge Nannette A. Baker on 4/19/19. (KJS) (Entered: 04/19/2019) |
| 04/19/2019 | | | ORDER RECEIPT: (see receipt) Docket No: 104. Fri Apr 19 12:43:25 CDT 2019 (Shirley, Kelley) (Entered: 04/19/2019) |
| 04/19/2019 | 105 | | Letter to Court Clerk from Herbert W. Morrison Jr. re:correcting docket entry (corrected docket entry and mailed Morrison a new docket sheet) (AAS) (Entered: 04/22/2019) |
| 04/22/2019 | 106 | 34 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 98 Memorandum & Order,,,,, 99 Judgment – (Case). Notice of Appeal filed on 4/15/19 by Plaintiff Herbert W. Morrison, Jr. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(BAK) (Entered: 04/22/2019) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT W. MORRISON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:17-cv-875-NAB |
| v. | ) | |
| | ) | |
| ANDREW HALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the motion for summary judgment filed by Defendant Andrew Hale ("Officer Hale" or "Defendant"). (Doc. 63). Also before the Court are multiple discovery motions filed by *pro se* Plaintiff Herbert W. Morrison ("Morrison" or "Plaintiff") (Docs. 52, 55, 59, 60, and 67), as well as Plaintiff's motion for default judgment, (Doc. 66), a motion to stay, (Doc. 71), and a motion to redact certain exhibits (Doc. 89). Additionally before the Court are Defendant's motion to strike Plaintiff's Exhibits 8 and 12 (Doc. 78), and his motion to strike Plaintiff's Exhibit 9 (Doc. 79). The motions have been fully briefed and are ripe for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 20 U.S.C. § 636(c). (Doc. 21). For the reasons stated below, Defendant's motion for summary judgment will be granted.

## I.     Background

On November 11, 2013, Defendant, a police officer with the Florissant Police Department, was assigned to investigate allegations that Plaintiff Morrison had sexually abused, raped, and sodomized his daughter. During the course of the investigation, Florissant officers seized computers, CD's, DVD's, and other electronic equipment from Morrison's residence, pursuant to

a search conducted with written consent obtained from Morrison's then wife. During his criminal case, Morrison filed a motion to suppress the evidence seized from his residence, as well as additional evidence voluntarily presented to the police by Morrison's wife. After a hearing, the court denied the motion to suppress on the merits. On June 29, 2015, Morrison pled guilty to multiple counts of child pornography, first degree child molestation, statutory rape, statutory sodomy, and sexual exploitation of a minor. *See State v. Herbert Morrison*, Case No. 13SL-CR11557-01 (21st Jud. Cir. June 29, 2015). On August 10, 2015, the 21st Judicial Circuit Court of St. Louis sentenced Morrison to a total of thirty years' incarceration.

Subsequently, Plaintiff filed this suit under 42 U.S.C. § 1983 against Officer Hale, who was the arresting officer in connection with the underlying arrest and conviction. Morrison accuses Officer Hale of unreasonable search and seizure, abuse of process, theft, and conspiracy to commit excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. All of these claims arise from events that occurred during the arrest and prosecution of Morrison. Specifically, in his amended *pro se* complaint, Plaintiff brings the following Counts[1] against Defendant in his individual capacity: Count I—Unlawful Seizure of Cell Phone; Count II—Unlawful Search of Residence; Count III—Unlawful Seizure of Property from Residence; Count IV—Conspiracy to Search CD/DVD Discs; Count V—Unlawful Arrest; Count VI—Unlawful Seizure of $150.00 From Wallet; Count VII—Conspiracy to Commit Excessive Force; Count VIII—Unlawful Search Warrant; Count IX—Unlawful Search of DVD; Count X—Conspiracy to Conceal Unlawful Search of DVD; Count XI—Unlawful Search of DVD's and Thumb Drive; Count XII—Conspiracy Between Officer Hale and Prosecutor to Conceal Unlawful

---

[1]   The complaint contains seventeen paragraphs. For purposes of clarity, the Court will refer to each paragraph as a separate Count against Defendant

Searches; Count XIII—Unlawful Seizure of Disc; Count XIV—Unlawful Seizure of MacBook Pro; Count XV—Unlawful Seizure of Data from MacBook Pro; Count XVI—Manufacture of Evidence to Conceal Unlawful Seizure of Disc; and, Count XVII—Conspiracy between Officer Hale and Defendant's Former Wife Regarding Unlawful Seizures. Plaintiff seeks damages of $150.00 that was allegedly stolen from his wallet during arrest; $2,000.00 for loss of data from his cell phone; $75,000.00 in punitive damages; and filing fees of $350.00.

## II.    Legal Standard

The standard for summary judgment is well settled. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id*. at 324. "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of fact is genuine when "a reasonable jury could return a

verdict for the nonmoving party" on a factual issue. *Id*. at 248. To establish the existence of a genuine issue of material fact, "[a] plaintiff may not merely point to unsupported self-serving allegations." *Bass v. SBC Commc'ns, Inc.,* 418 F.3d 870, 872 (8th Cir. 2005). To survive a motion for summary judgment, the nonmoving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Smith v. International Paper Co.* 523 F.3d 845, 848 (8th Cir. 2008). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added); *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005). Evidence that is "merely colorable" or "is not significantly probative" is insufficient. *Anderson*, 477 U.S. at 249-50; *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011).

## III.   Discussion

### A.   Motion to Strike

The Court will first address Defendant's motion to strike Plaintiff's Exhibit 9. [2] (Doc. 79). Morrison submitted, in opposition to Defendant's motion for summary judgment, a document entitled, "Affidavit[3] of Herbert W. Morrison, Jr. in Support of Prisoner Civil Rights Complaint

---

[2]   Also before the Court is Defendant's motion to strike Plaintiff's Exhibits 8 and 12.  Defendant moved to strike those Exhibits because they contained the full name of the minor victim in Plaintiff's underlying criminal conviction, in violation of Local Rule 2.17. However, immediately upon Plaintiff's filing of these Exhibits, the Court noted the violation and placed the documents under seal. Accordingly, Defendant's motion was rendered moot.

[3]   As the purported affidavit is not notarized, it cannot be treated for purposes of summary judgment as a valid

Under 42 U.S.C. § 1983." (Doc. 77-2). Defendant asks the Court to strike the "Affidavit" because it fails to meet the requirements of 28 U.S.C. § 1746, as it is undated,[4] and, in the alternative, because it is based on speculation and conjecture rather than personal knowledge. Plaintiff responded to Defendant's Motion to Strike, asserting that the "Affidavit" was based entirely on his personal knowledge.

As an initial point, the Court must address a procedural issue. Defendant moves the Court to "strike" the declaration of Morrison, but "[t]his Court has generally restricted the use of motions to strike to material contained in pleadings." *Shea v. Peoples Nat'l Bank,* No. 4:11CV1415 CAS, 2013 WL 74374, at * 1 (E.D .Mo. Jan. 7, 2013) (citing cases); *see also Khamis v. Bd. of Regents, Se. Mo. State Univ.*, No. 1:09-CV-145-RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2013) ("A motion to strike is properly directed only to material contained in pleadings.") (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, No. 4:07-CV-1719-CAS, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)); Fed.R.Civ.P. 12(f) (permitting the Court to strike certain materials "from a pleading"). Pursuant to Federal Rule of Civil Procedure 7(a), a declaration, such as the "affidavit" submitted by Morrison, is not a pleading, and a motion to strike is therefore not

---

affidavit. *See* Fed. R. Civ. P. 56(e).

[4]    Although unsworn declarations may be treated as equivalent to sworn affidavits for purposes of a summary judgment motion pursuant to 28 U.S.C. § 1746, this is only under limited conditions:  such declarations must, to be considered as evidence, be signed, dated, and include a statement attesting that "under penalty of perjury . . . the foregoing is true and correct." 28 U.S.C. § 1746. Therefore, 28 U.S.C. § 1746 expressly requires that an unsworn declaration must be dated to be admissible. Because Morrison's declaration is not dated, technically it is inadmissible on the present motion, and many courts have refused to consider such defective declarations for that reason. *See, e.g., Wells v. Cramer,* 262 Fed. Appx. 184, 187 (11th Cir. 2008) ("Federal law ... does provide an alternative to making a sworn statement, but requires that the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.); *Counts v. Kraton Polymers, U.S., LLC,* 260 Fed. Appx. 825, 830 (district court did not abuse its discretion by striking undated declaration). However, the Court is not inclined to exclude Morrison's declaration in its entirety for a relatively minor issue, particularly where, as here, he is *pro se*. By the text of the statute itself, substantial compliance is sufficient for admissibility. 28 U.S.C. § 1746; *accord Pieszak v. Glendale Adventist Medical Center*, 112 F.Supp. 2d 970, 999 (C.D. Cal. 2000).

5

applicable to the declaration. Thus, the Court will deny Defendant's motion to strike Morrison's declaration.

However, as Defendant correctly points out, Rule 56(c)(4) requires that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Therefore, in ruling on Defendant's summary judgment motion, the Court will disregard any portions of the declaration that are not based on personal knowledge, or that contain hearsay or otherwise inadmissible evidence. *See, e.g., Khamis*, 2010 WL 1936228, at *1. After careful review of Morrison's 28 page declaration, the Court finds that it contains very few statements actually based on personal knowledge. The declaration is replete with conjecture and speculation as to what Morrison thinks may have happened in any given circumstance. For example, Morrison frequently provides a narrative concerning something he surmises might have happened, and about which he could not possibly have first-hand knowledge, and then explicitly states that his declaration is based on what he "concludes" must have occurred. (Doc. 77-2 at 5, 7, 8, 11, 13, 15, 18, and 22). However superior Morrison's skills of deduction may be, they cannot transform what Plaintiff "concludes" may have happened into a declaration based on personal knowledge. Accordingly, the Court will consider only the portions of his declaration that are based on Plaintiff's personal knowledge.

B. *Heck v. Humphrey* Bars Counts I-V and VIII-XVII

Defendant argues that Counts I-V and VIII-XVII of Plaintiff's amended complaint are barred from review by this Court by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court of the United States held that:

> In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, at 486-87. The Supreme Court stated that one reason, among others, for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id*. at 484.

As noted above, in Counts I-V and VIII-XVII, Morrison alleges that Defendant illegally arrested him, illegally searched his residence, illegally seized various items of electronic evidence of the crimes to which Morrison subsequently pled guilty, illegally searched those electronic devices, and conspired with another detective, the prosecutor, and Morrison's former wife in order to successfully carry out and cover up these allegedly illegal searches and seizures. These claims attack the validity of consent given prior to the initial search of Morrison's residence, as well as the validity of the warrants pursuant to which later searches were performed. The evidence discovered during these searches provided the factual basis pursuant to which Morrison pled guilty. Therefore, it is clear that a decision favorable to Morrison with respect to these allegations would necessarily imply the invalidity of his conviction or sentence. *Id*. at 487. Additionally, Morrison has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, Morrison's motion for post-conviction relief, in which his only claim was related to ineffective assistance of counsel, was denied by the Missouri Court of Appeals. *See Morrison v. State of Missouri*, Missouri Court of

Appeals, Case No. ED105000.[5] Plaintiff has filed a petition for habeas corpus with the federal district court, which is currently pending. *See Morrison v. Lewis,* Eastern District of Missouri, Case No. 1:18-CV-00032-DDN. Therefore, Morrison's conviction and sentence has not been reversed or otherwise expunged, and Counts I-V and VIII- XVII may not be considered by this Court under the doctrine of *Heck v. Humphrey.*

      C.      Counts I-V and VIII-XVII are Barred by Collateral Estoppel

Defendant also argues, in the alternative, that Counts I-V and VIII-XVII are barred by the doctrine of collateral estoppel, as the state court already considered and ruled against Morrison's assertion that the search and seizure of evidence in his case violated his Fourth Amendment rights. The Court agrees. As explained by the Supreme Court in *Allen v. McCurry*, 449 U.S. 90 (1980), "[t]he federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. at 92 (internal citations omitted).

This deference to prior adjudication extends not only to antecedent decisions of federal courts, but to those of the state courts as well. Under the federal full faith and credit statute,

---

[5]   The Court takes judicial notice of the state court file. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

"judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . .." 28 U.S.C. § 1738 (1988).  It has also long been established that prior state adjudications are given preclusive effect even in later federal § 1983 actions, and thus, collateral estoppel may work to bar a search-and-seizure question already decided against a criminal defendant in state court. *McCurry*, 449 U.S. at 104; *see also Simmons v. O'Brien*, 77 F.3d 1093, 1096 (8th Cir. 1996) (collateral estoppel applies when § 1983 plaintiff attempts to relitigate in federal court issues decided against him in state criminal proceedings). Thus, federal courts must give preclusive effect to state court judgments in similar circumstances.

The scope of the preclusive effect is governed by the law of the state from which the prior judgment emerged.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Court looks, then, to Missouri law in determining the preclusive effect given to the state trial court's decision to deny Morrison's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment. *See Baker v. McCoy*, 739 F.2d 381, 384 (8th Cir. 1984).  In Missouri, issue preclusion will apply when: (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *See Shahan v. Shahan*, 988 S.W.2d 529, 532-33 (Mo. 1999).

The Court finds that the doctrine of collateral estoppel bars Counts I-V and VIII-XVII. After careful review of the motion to suppress filed by Morrison in state court, as well as the

transcript of the suppression hearing and the Order and Judgment denying Morrison's motion, the Court finds that the four elements outlined in *Shahan* are clearly met in this case. Morrison raised the issues now asserted in these Counts in his state suppression hearing, at which he was, of course, a party, and at which he was represented by counsel, was afforded a full and fair opportunity to litigate the claims now raised in his § 1983 action, and the motion was denied on the merits. Therefore, the doctrine of collateral estoppel prevents Morrison from now maintaining his Fourth and Fourteenth Amendment claims in Counts I-V and VIII-XVII against Officer Hale, and Defendant is entitled to summary judgment on these claims.

      D.      Qualified Immunity Applies with Respect to Counts I-V and VIII-XVII

Officer Hale also asserts that he is entitled to qualified immunity on Counts I-V and VIII-XVII. "Qualified immunity protects a government official from liability in a Section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006). "To overcome the defense of qualified immunity, a plaintiff must show: "(1) the facts . . . demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Policy Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

The Court agrees with Defendant's argument that qualified immunity applies with respect to Plaintiff's claims that Officer Hale violated his constitutional rights when executing the various searches and seizures carried out while investigating the multiple sex crimes of which Morrison was accused. All the complained of searches and seizures were performed pursuant to the voluntary consent given by Morrison's then wife, who resided with Morrison during the time at

10

issue, or were performed in good faith reliance on a valid search warrant. It is well established that the Fourth Amendment's prohibition on warrantless entry into a residence does not apply when voluntary consent has been given. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). It is equally well settled that consent to search may be validly given by a person who possesses "common authority" over the premises searched, such as Morrison's wife and co-resident, and such consent is valid even when an absent, non-consenting person objects to such consent. *See United States v. Matlock*, 415 U.S. 164, 170 (1974). Furthermore, the Eighth Circuit has held that an officer who executed a warrant in good faith belief that the warrant was valid did not violate the Fourth Amendment, and is entitled to qualified immunity. *See Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998). Under the circumstances in this case, Plaintiff has not shown that Officer Hale violated his well-established constitutional or statutory rights when conducting the searches and seizures at issue, and Defendant is entitled to summary judgment on the basis of qualified immunity on Counts I-V and VIII-XVII.

E.      Count VI—Unlawful Seizure of $150.00

In Count VI of his amended complaint, Morrison alleges that Officer Hale "stole $150.00 belonging to Plaintiff." In Morrison's declaration, he further clarifies this assertion, alleging that when he was taken into custody his wallet contained $150.00, but that the wallet was empty when it was returned to him. It should be noted, first of all, that there is no evidence of record, other than Plaintiff's assertions, that there was any money in Plaintiff's wallet at all during the time in question. However, taking the facts in the light most favorable to Plaintiff, the Court will assume that his wallet contained some cash when he was taken into custody.

In Morrison's declaration, he never states that he observed Officer Hale taking money from

11

his wallet. Rather, he offers his supposition as to what may have happened, stating that based on Morrison's "observations of Defendant Hale's cummulative [sic] and permeating illegal conduct, Plaintiff concludes that subsequent to Defendant Hale taking custody of Plaintiff's wallet, but prior to Officer Stipanovich taking custody of Plaintiff's wallet, Defendant Hale removed Plaintiff's $150.00 for the purpose of permanently depriving Plaintiff of his money." (Doc. 77-2 at 15). Even if Morrison's speculation about what may have happened were enough to establish a question of material fact, and it is not, Morrison does not even assert that Officer Hale was the last person he saw in possession of his wallet. In his declaration, Morrison states that he last saw his wallet being held by a different officer entirely. Morrison's self-serving speculation as to what happened to any money that may have been in his wallet is nothing more than conjecture, and is not sufficient to establish the existence of a genuine issue of material fact. *See Thomas*, 483 F.3d at 527 ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."). Defendant is entitled to summary judgment on Count VI of the amended complaint.

    F.    Count VII—Conspiracy Claim

With respect to Morrison's claim under Section 1983 for conspiracy, made in Count VII of the amended complaint, the Court concludes that there are no facts under which the Court can find a "meeting of the minds" sufficient to support a conspiracy claim. To prove a Section 1983 conspiracy claim, Plaintiff must establish: "(1) that the defendant[s] conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured [him]." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). "[T]he plaintiff must allege with *particularity*

12

and *specifically demonstrate* with material facts that the defendants reached an agreement." *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989) (emphasis added) (citations omitted). The bare, unsupported allegation that defendants must have conspired "is obviously not sufficient to nudge a conspiracy claim across the line from conceivable to plausible." *Lawrence v. City of St. Paul*, 740 F.Supp.2d 1026, 1050 (D. Minn. 2010). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) quoting *Smith v. Bacon*, F2d 434, 436 (8th Cir. 1983)).

Morrison alleges that Officer Hale conspired with "two unknown males" to subject him to unreasonable force. (Doc. 23 at 7-8).  Morrison further alleges that Officer Hale engaged in an "overt act in furtherance of the conspiracy by taunting Plaintiff" prior to the attack. In his declaration, Morrison attempts to clarify these allegations, stating that during his custodial interview conducted by Officer Hale, Hale "launched into a [sic] invective driven tirade excoriating Plaintiff," which concluded with Officer Hale allegedly telling Morrison that he was going to receive a beating. (Doc. 77-2 at 16). Morrison further alleges that sometime later, when he was being transferred to a different location for booking, he was attacked and beaten by two unknown males. Morrison states that due to the alleged beating, he "reasonably concludes that outside of Plaintiff's presence, Defendant Hale conspired with the two unidentified officers to subject Plaintiff to unreasonable force." *Id.* at 18. It is important to note what Morrison does not allege—he does not allege that he saw or heard Officer Hale discuss with anyone a plan to have him beaten; he does not allege that he saw Officer Hale in the presence of the two unidentified males; and, he does not allege that the unidentified males stated or alluded that any other person

encouraged or instructed them to harm Plaintiff. Even if the Court credits as true everything Plaintiff alleges, the allegations are not sufficient to "nudge [his] conspiracy claim across the line from conceivable to plausible." *Lawrence,* 740 F.Supp.2d at 1050. Morrison has not alleged facts with sufficient specificity and factual support to adequately suggest the required "meeting of the minds" necessary to show that Officer Hale conspired with anyone to use excessive force against Morrison. *Deck*, 771 F.2d at 1170. Defendant is entitled to summary judgment on Count VII of the amended complaint.

G.     Discovery Motions

The Court will now address the numerous discovery motions that remain outstanding. Plaintiff's Motion for Extension of Time to File a Reply (Doc. 52), is denied as moot, as it was filed in connection with a motion already ruled upon by the Court. Plaintiff's Motion to Compel (Doc. 55) is denied, as Defendant responded to all requests contained therein[6] (Doc. 57), rendering the motion to compel moot. Plaintiff's Motion for Leave to Amend Secondary Motion for an Order Compelling Discovery (Doc. 59) is likewise rendered moot by Defendant's production of the requested information (Doc. 61). Plaintiff's Motion for Leave to File Revised Motion for an Order Compelling Discovery (Doc. 60), which the Court is interpreting as a motion to reconsider its order on a prior discovery motion (Doc. 58), is denied. The Court carefully considered the request in its previous order, and finds no reason to reconsider its prior determination that the requested information is not relevant to Plaintiff's claims. Finally, Plaintiff's Motion for Extension of Time

---

[6] Plaintiff apparently, as evidenced by his multiple motions to compel, takes issue with the sufficiency of Defendant's responses. Plaintiff simply does not appear to believe that Defendant has complied. However, there is no evidence before the Court that calls into question the veracity of defense counsel's assertions regarding full compliance, to the extent possible, with all Plaintiff's discovery requests.

14

to File Reply to Defendant's Response to Plaintiff's Amended Secondary Motion for an Order Compelling Discovery (Doc. 67) is denied as moot.

H.     Motion for Default Judgment

Plaintiff filed a Motion for Default Judgment (Doc. 66) pursuant to Rule 37 of the Federal Rules of Civil Procedure. In his motion, Plaintiff alleges that Defendant failed to comply with this Court's order (Doc. 58), in which this Court ordered Defendant to answer one of Plaintiff's interrogatories by providing Plaintiff with the names of each person who escorted Morrison to the Florissant holding facility on November 11, 2013. Plaintiff asserts that in light of this alleged defiance of the Court's order, he is entitled to default judgment as an appropriate sanction against Defendant.

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows the Court to impose sanctions on parties who fail to comply with discovery orders, but a default judgment may only be considered as a sanction if there is: (1) an order compelling discovery; (2) willful violation of that order; and (3) prejudice to the other party. *See Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Further, "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 936 (8th Cir. 1999). However, "[t]he court's discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just.'" *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 719 (8th Cir. 2002).  The law generally disfavors default judgments, and the entry of a default judgment "should be a rare judicial act." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

Plaintiff, in his motion, asserts that Defendant's response to the interrogatory at issue "consists of irrelevant and unsolicited information." However, the Court has reviewed Defendant's

response and finds the information to be responsive in that it contains the name of each officer known to have been involved in Plaintiff's booking at the Florissant Police Department.[7] Furthermore, Defendant has filed an affidavit with the Court in which he attests that his answer to Plaintiff's interrogatory is true and correct. (Doc. 70-1). Therefore, the Court concludes that there has been no failure to comply with a discovery request, and no violation of the related court order. Thus, no cause for any sanction has been shown, and Plaintiff's motion for default judgment will be denied.

## IV.    Conclusion

For the foregoing reasons, Defendant is entitled to summary judgment on all Counts of Plaintiff's amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 63) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Reply (Doc. 52) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 55) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Secondary Motion for an Order Compelling Discovery (Doc. 59) is **DENIED** as moot.

---

[7] Defendant, in his answer to Plaintiff's interrogatory, stated in pertinent part that "Plaintiff was arrested by Florissant Police Department Sgt. Andrew Hale. . . Department Detective Timothy Sweeso may have helped facilitate Plaintiff's transfer . . . Plaintiff was booked at the Florissant Policy Department holding facility by Matthew Bohn . . . Florissant Police Department Officer John Stanczak transported Plaintiff to the St. Louis County Jail, where he was processed by St. Louis County Officer Castaldi."

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Revised Motion for an Order Compelling Discovery (Doc. 60) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Doc. 66) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File Reply to Defendant's Response to Plaintiff's Amended Secondary Motion for an Order Compelling Discovery (Doc. 67) is **DENIED** as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay (Doc. 71) is **DENIED** as moot.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Exhibits 8 and 12 (Doc. 78) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Exhibit 9 (Doc. 79) is **DENIED**.

IT IS FINALLY ORDERED that Plaintiff's Motion to Redact Exhibits (Doc. 89) is **DENIED** as moot.

An appropriate judgment shall accompany this Memorandum and Order.

Dated this 19th day of March, 2019.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

HERBERT W. MORRISON, JR.,              )
                                       )
       Plaintiff,                  )
                                       )
    v.                                )          Case No. 4:17-CV-875 NAB
                                       )
ANDREW HALE.,                          )
                                       )
                                       )
       Defendant.                  )

### JUDGMENT

In accordance with the Memorandum and Order of this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion

for Summary Judgment (Doc. 63) is **GRANTED**.

Dated this 19th day of March, 2019.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | )| |
|---|---|---|
| HERBERT W. MORRISON JR. , | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No.  4:17-cv-875-NAB |
| | ) | |
| | ) | |
| ANDREW HALE , | ) | |
| Defendant(s). | ) | |

### NOTICE OF APPEAL

Notice is hereby given that  Plaintiff Herbert W. Morrison Jr.         ,

appeal(s) to the United States Court of Appeals for the Eighth Circuit from the final judgment

entered in this action on the _____ 19th ___ day of March _____ , 20 19 ___ .


Herbert W. Morrison Jr.

*Herbert W. Morrison Jr.*
Signature

**NOTE: IF YOU ARE <u>NOT</u> A <u>PRISONER</u> AND WERE PREVIOUSLY GRANTED
LEAVE TO PROCEED IN FORMA PAUPERIS IN THIS CASE, YOU DO NOT NEED
TO SUBMIT A MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON
APPEAL AND AFFIDAVIT IN SUPPORT. <u>See</u> Fed. R. App. 24(a).**

```
MIME-Version:1.0
From:Moed_AutoSend@moed.uscourts.gov
To:MOED_ECF_Notification@moed.uscourts.gov
Bcc:
--Case Participants: Rachel A. Bates (rachel@hellmichhillretter.com), Magistrate Judge
Nannette A. Baker (ebony_mccain@moed.uscourts.gov, genevieve_bales@moed.uscourts.gov,
hedda_etherington-hall@moed.uscourts.gov, nannette_baker@moed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:8121156@moed.uscourts.gov
Subject:Activity in Case 4:17-cv-00875-NAB Morrison v. Hale Docket Text Order
```
Content–Type: text/html

## U.S. District Court

## Eastern District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 4/19/2019 at 12:43 PM CDT and filed on 4/19/2019

| | |
|---|---|
| **Case Name:** | Morrison v. Hale |
| **Case Number:** | 4:17–cv–00875–NAB |
| **Filer:** | |

**WARNING: CASE CLOSED on 03/19/2019**

**Document Number:** 104(No document attached)

**Docket Text:**
**Docket Text ORDER: Re: [101] MOTION for Leave to Proceed in forma pauperis on Appeal by Plaintiff Herbert W. Morrison, Jr. (Attachments: # (1) Exhibit)(KJS) filed by Herbert W. Morrison, Jr.; GRANTED. Signed by Magistrate Judge Nannette A. Baker on 4/19/19. (KJS)**

**4:17–cv–00875–NAB Notice has been electronically mailed to:**

Rachel A. Bates    rachel@hellmichhillretter.com

**4:17–cv–00875–NAB Notice has been delivered by other means to:**

Herbert W. Morrison, Jr
#353076
SECC
Southeast Correctional Center
300 E. Pedro Simmons Drive
Charleston, MO 63834

US Court of Appeals - Eighth Circuit
NOA Supplement

Caption:                                                          USCA#: _____

Morrison v. Hale

Case Number:

4:17cv875 NAB

Plaintiff:                                    Defendant:

**Herbert W. Morrison, Jr.**                  **Andrew Hale, et al.**

Attorney:                                     Attorney:

Herbert W. Morrison, Jr.                      Rachel A. Bates
#353076                                       HELLMICH HILL LLC
SECC                                          1049 N. Clay Ave.
Southeast Correctional Center                 Kirkwood, MO 63122
300 E. Pedro Simmons Drive                    314-646-1110
Charleston, MO 63834                          Email: rachel@hellmichhillretter.c

Court Reporter:                               Please return files and documents to:

                                              Clerk, Eastern District of Missouri

                                              Person to contact about the appeal::

NONE                                          Beth Kirkland   244-7925

| Length of trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| N/A | NO FEE PAID | GRANTED   4/19/19 | N/A |

| Counsel: | Pending Motions: | Local Interest: | Simultaneous Release: |
|---|---|---|---|
| PRO SE | NONE | N/A | N/A |

Criminal Cases/Prisoner Pro Se Cases Only:

Is defendant incarcerated?   Yes   No     Where: _____

Please list all other defendants in this case if there were multiple defendants: