# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

## No. 19-1832

---

## HERBERT MORRISON JR.

### Appellant,

### v.

## ANDREW HALE, et al.,

### Appellee.

---

### Appeal from the United States District Court
### Eastern District of Missouri
### (4:17-CV-00875-NAB)
### The Honorable Nannette A. Baker, Magistrate Judge

---

## BRIEF FOR APPELLEE ANDREW HALE

HELLMICH, HILL & RETTER, LLC
Rachel Bates #68696MO
1049 N. Clay Ave.
Kirkwood, MO 63122
Phone: (314) 646-1110
Fax:     (314) 646-1122
E-Mail: Rachel@hellmichhillretter.com
Attorneys for Appellee

## SUMMARY OF THE CASE

Plaintiff/Appellant Herbert Morrison Jr. ("Plaintiff" or "Morrison") filed this appeal from an order and judgment of the district court[1] that granted the motion of Defendant/Appellee Andrew Hale ("Defendant" or "Officer Hale") for summary judgment. This is a pro se action pursuant to 42 U.S.C. § 1983. Plaintiff alleges claims for unreasonable search and seizure and deprivation of rights and conspiracy in violation of the Fourth and Fourteenth Amendments, which flow from the arrest and prosecution of the Plaintiff on or around November 11, 2013.

The appeal from the district court's judgment in favor of the Defendant can be decided on the briefs. Therefore, unless this Court believes it would be helpful, oral argument regarding the judgment in favor of the Defendant should not be necessary.

---

[1] This case was assigned by consent to United States Magistrate Judge Nannette A. Baker pursuant to the Civil Justice Reform Act. *See* 28 U.S.C. § 636(c).

1

# **TABLE OF CONTENTS**

                                                                          Page

SUMMARY OF THE CASE .................................................................................1

TABLE OF AUTHORITIES.............................................................................3

STATEMENT OF THE ISSUES .....................................................................6

SUMMARY OF THE ARGUMENT ..............................................................14

ARGUMENT ...................................................................................................15

**I.  THE DISTRICT COURT DID NOT ERR IN DENYING MORRISON'S MOTION TO COMPEL:** ..................................................................15

**II.  THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE ARTICULATED IN** *HECK V. HUMPHREY*: ....................................................19

**III.  THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV AND XVI ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL:**..........................................................................23

**IV.  THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, XVI ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY**:......................................................................................26

CONCLUSION ................................................................................................28

CERTIFICATE OF SERVICE........................................................................30

CERTIFICATE OF PAPER BRIEFS .............................................................30

CERTIFICATE OF COMPLIANCE ..............................................................31

Appellate Case: 19-1832     Page: 3     Date Filed: 07/09/2019 Entry ID: 4806289

# TABLE OF AUTHORITIES

## CASES

Page

*Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d. 1046 (8th Cir. 2007)...........15

*Estate of Johnson v. Weber*, 785 F.3d 267, 271 (8th Cir. 2015) .................20, 23, 26

*Griffith v. City of Des Moines*, 387 F.3d 733, 739 (8th Cir. 2004)..........................11

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). ...................................................27

*Heck v. Humphrey*, 512 U.S. 477 (1994) .............................................19, 20, 22, 23

*Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990)......................................................27

*Morrison v. Lewis,* Eastern District of Missouri,
Case No. 1:18-CV-00032-DDN ................................................................................21

*Morrison v. State of Missouri*, Missouri Court of Appeals, Case No. ED105000 ..21

*Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358 (8th Cir. 2003) ........15, 16

*Shahan v. Shahan,* 988 S.W.2d 529, 532-33 (Mo. 1999).......................................24

*Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)...............................15

*United States v. Matlock*, 415 U.S. 164, 170 (1974).............................................27

*Wagner v. Gallup, Inc.*, 788 F. 3d 877 (8th Cir. 2015) ...........................................15

*Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998). ......................................27

3

# STATUTES AND RULES

Page

28 U.S.C. § 41 ..................................................................5

28 U.S.C. § 636 ............................................................ 1, 5

28 U.S.C. § 1331 ..............................................................5

28 U.S.C. § 1343 ..............................................................5

42 U.S.C. § 1983 .....................................................1, 8, 20

Fed. R. App. P. 4 ..............................................................5

Fed. R. App. P. 28.......................................6, 8, 15, 20, 23, 26

Appellate Case: 19-1832    Page: 5    Date Filed: 07/09/2019 Entry ID: 4806289

# JURISDICTIONAL STATEMENT

The Defendant is dissatisfied with Morrison's Jurisdictional Statement. Pursuant to Fed. R. App. P. 28(b)(1), the Defendant therefore offers his own Jurisdictional Statement.

## I. Statement concerning the District Court's jurisdiction.

This is an appeal from a judgment entered on March 19, 2019, by the United States District Court for the Eastern District of Missouri, Eastern Division, the Honorable Nannette A. Baker, Magistrate, presiding. On March 9, 2017, Morrison filed this pro se action for violation of his civil rights. On March 19, 2019, summary judgment was entered on all counts of Morrison's Second Amended Complaint against the Defendants. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## II. Statement concerning appellate jurisdiction.

The notice of appeal is this case was timely filed on April 15, 2019. Jurisdiction is conferred on the United States Court of Appeals for the Eighth Circuit by 28 U.S.C. § 636(c)(3) and Fed. R. App. P. 4(a). The United States Court of Appeals for the Eighth Circuit has jurisdiction pursuant to 28 U.S.C. § 41 as the United States District Court for the Eastern District of Missouri is located in the State of Missouri.

Appellate Case: 19-1832    Page: 6    Date Filed: 07/09/2019 Entry ID: 4806289

## STATEMENT OF THE ISSUES

The Defendant is dissatisfied with Morrison's Statement of the Issues.

Pursuant to Fed. R. App. 28(b)(2), Defendant therefore offers his own Statement of

the Issues.

## I. THE DISTRICT COURT DID NOT ERR IN DENYING MORRISON'S MOTIONS TO COMPEL.

*Elnashar v. Speedway SuperAmerica, LLC,* 484 F.3d. 1046, 1052 (8th Cir. 2007)

*Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360 (8th Cir. 2003)

*Tenkku v. Normandy Bank,* 348 F.3d 737, 743 (8th Cir. 2003)

*Wagner v. Gallup, Inc.* 788 F. 3d 877 (8th Cir. 2015)

## II. THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE ARTICULATED IN *HECK V. HUMPHREY.*

*Heck v. Humphrey*, 512 U.S. 477 (1994)

*Morrison v. State of Missouri*, Missouri Court of Appeals, Case No. ED105000

*Morrison v. Lewis,* Eastern District of Missouri, Case No. 1:18-CV-00032-DDN

## III. THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE OF COLLATERAL STOPPEL.

*Shahan v. Shahan,* 988 S.W.2d 529 (Mo. 1999)

## IV. THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)

Appellate Case: 19-1832    Page: 7    Date Filed: 07/09/2019 Entry ID: 4806289

*Illinois v. Rodriguez*, 497 U.S. 177 (1990)

*United States v. Matlock*, 415 U.S. 164 (1974)

*Walden v. Carmack*, 156 F.3d 861 (8th Cir. 1998)

Appellate Case: 19-1832   Page: 8   Date Filed: 07/09/2019 Entry ID: 4806289

## STATEMENT OF THE CASE

Defendant is dissatisfied with Morrison's Statement of the Case. Pursuant to Fed. R. App. P. 28(b)(3), Defendant therefore offers his own Statement of the Case.

On March 9, 2017, Morrison filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendant/Appellee Officer Andrew Hale, as well as Officer Timothy Sweeso, Officer Shawn Reiland, Officer Timothy Green, Officer's John Doe 1 and 2, City of Florissant, Missouri, Assistant Prosecuting Attorney Ashley Bailey-Smith, Officer Steven Grimm, Tina M. Broadway, Robyn Ambs, and Kathleen M. Pickett. (Complaint, Doc. 1). On June 5, 2017, Morrison filed an Amended Complaint dismissing all defendants except for Officer Andrew Hale. (Amended Complaint, Doc. 11). On September 22, 2017, Plaintiff filed a Second Amended Complaint against Officer Andrew Hale in his individual capacity. (Second Amended Complaint, Doc. 23). Plaintiff's Second Amended Complaint alleged seventeen numbered paragraphs, which have been referred to throughout this litigation as seventeen individual "Counts," and include claims of unreasonable search and seizure, deprivation of rights and conspiracy in violation of the Fourth and Fourteenth Amendments to the United States Constitution. (Second Amended Complaint, Doc. 23). On October 6, 2017, Defendant filed his answer to Plaintiff's Second Amended Complaint. (Answer, Doc. 24). On

8

November 27, 2017, the district court granted Defendant leave to file an amended answer to Plaintiff's Second Amended Complaint include the additional affirmative defenses of res judicata and collateral estoppel. (Order, Doc. 35). Said Amended Answer was filed on November 28, 2017. (Amended Answer, Doc. 36).

On May 7, 2018, Defendant filed his motion for summary judgment, statement of uncontroverted facts, and memorandum in support, seeking dismissal of all of Morrison's claims. (Def MSJ, Doc. 63). In support of the motion, Defendant filed a redacted copy of the search warrant and affidavit, the consent to search Morrison's residence, a redacted copy of Morrison's booking sheet, redacted copies of select documents from Morrison's underlying criminal proceedings (including the Second Amended Information, Guilty Plea, and Sentence and Judgment), documents related to the motion to suppress in Morrison's underlying criminal proceedings (including the motion, State's response, and Order and Judgment), as well as excerpts from Morrison's deposition. (DEF SUMF, Doc. 65) On June 19, 2018, Morrison filed his response to the motion for summary judgment, as well as his response to Defendant's statement of undisputed material facts (which included 30 additional purported facts). (PL Response, Doc. 76). In support of his response, Plaintiff also filed, among other things, a 28-page "Affidavit." (PL Affidavit, Doc. 77-2). On July 3, 2018, Defendant filed his Reply Memorandum. (DEF Reply, Doc. 83)

Appellate Case: 19-1832     Page: 10     Date Filed: 07/09/2019 Entry ID: 4806289

On March 19, 2019, the district court entered a Memorandum and Order and separate Judgment granting Defendant's motion for summary judgment on all claims asserted by Morrison against him in the Second Amended Complaint. (Order, Doc. 98; Judgment, Doc. 99) On April 15, 2019, Morrison filed his Notice of Appeal. (Notice of Appeal, Doc. 102). This appeal followed.

Specifically, Plaintiff appeals the district court's summary judgment ruling as it applies to Counts I, XIII, XIV, XV and XVI stated as follows[2]:

Count I:      Unlawful Seizure of Cell Phone: Plaintiff alleges that Officer Hale seized his cell phone during Plaintiff's initial interview prior to arrest.

Count XIII:   Unlawful seizure of Disc. No. 33: Plaintiff alleges that Officer Hale took the original Disc. No. 33 and replaced it with another disc.

Count XIV:    Unlawful seizure of Apple MacBook Pro: Plaintiff alleges that Officer Hale unlawfully searched certain files located on the Apple MacBook Pro that was listed on the search warrant.

Count XV:     Unlawful seizure of data file from Apple MacBook: Plaintiff alleges unlawful seizure of a certain file pursuant to Officer Hale's unlawful search as indicated in Count XIV.

---

[2] Plaintiff's Second Amended Complaint alleges seventeen (17) paragraphs, which have been referred to throughout this litigation as individual "Counts." The district court granted summary judgment in favor of Defendant on all Counts of Plaintiff's Second Amended Complaint. Morrison specifically appeals the district court's ruling on Counts I, XIII, XIV, XV, and XVI. Accordingly, Defendant limits the appellee's brief to the facts and issues on the claims referenced in Counts I, XIII, XIV, XV, and XVI.

Count XVI: Manufacturing evidence to conceal unlawful seizure: Plaintiff alleges that Officer Hale manufactured evidence to conceal his actions in the unlawful seizure of Disc. No. 33 as indicated in Count XIII.

Because Plaintiff has failed to brief the remaining Counts II-XII and XVII, these Counts should be deemed abandoned. (*See* Rule 28(a) of the Federal Rules of Appellate Procedure; *Griffith v. City of Des Moines,* 387 F.3d 733, 739 (8th Cir. 2004)).

Plaintiff's statement of facts is rife with conclusory declarations not based on personal knowledge, or that contain hearsay, or otherwise inadmissible evidence. As the district court succinctly stated, "Morrison frequently provides a narrative concerning something he surmises might have happened, and about which he could not possibly have first-hand knowledge, and then explicitly states that his declaration is based on what he 'concludes' must have occurred." (Order, Doc. 98, p. 6) Such is the case, again, in his Appellant brief. Consequently, Defendant offers the following statement of facts for this Court's consideration:

On November 11, 2013, Officer Hale was assigned to investigate allegations that Plaintiff had sexually abused, raped, and sodomized his 16-year old adopted daughter. (Search Warrant Affidavit dated November 12, 2013, Doc. 65-1, p. 7). On November 11, 2013, Florissant Police Officers obtained written consent from Morrison's wife, Tina Morrison, to search Morrison's residence located at 1525 Miller Drive, Florissant, Missouri. (Consent to Search and Seize signed by Tina

11

Morrison, Doc. 65-2). During the search, several computers, CD's, DVD's and other electronics were seized. (Search Warrant Affidavit dated November 12, 2013, Doc. 65-1, p. 6). On November 12, 2013, a search warrant was executed on the electronic devices seized from Morrison's residence. (Search Warrant Affidavit dated November 12, 2013, Doc. 65-1, p. 1-2). Morrison was subsequently charged with multiple counts of child pornography, second degree child molestation, and multiple counts of first and second degree statutory rape. (*State v. Herbert Morrison*, 21st Judicial Circuit Court, St. Louis County, Case No. 13SL-CR11557-01, Doc. 65-4).

On June 29, 2015, Morrison pled guilty to multiple felony counts of child pornography, first degree child molestation, statutory rape, statutory sodomy, and sexual exploitation of a minor, *inter alia*, in *State v. Herbert Morrison,* 21st Judicial Circuit Court, St. Louis County, Case No. 13SL-CR11557-01. (*State v. Herbert Morrison* criminal proceedings, Doc.65-4, p. 6-8). During his criminal case, Morrison's counsel filed a motion to suppress physical evidence seized by consent from Morrison's residence on November 11, 2013, challenging the search warrant regarding the electronic devices seized from Morrison's residence, as well as suppression of evidence voluntarily presented and surrendered to the police by Tina Morrison (Morrison's wife at the time of the seizure). (Motion to Suppress Pleadings, Doc. 65-5, p. 1-3). The Court entered judgment on April 17, 2015,

12

denying Morrison's motion to suppress. (Motion to Suppress Pleadings, Doc. 65-5, p. 9-10). Morrison entered a guilty plea and was subsequently sentenced to 30 years in prison for nineteen (19) counts of statutory rape, statutory sodomy, sexual exploitation of a minor, and child molestation, *inter alia*. (*State v. Herbert Morrison* criminal proceedings, Doc. 65-4, p. 9-20).

Appellate Case: 19-1832    Page: 14    Date Filed: 07/09/2019 Entry ID: 4806289

## SUMMARY OF THE ARGUMENT

The district court granted Defendant's summary judgment based on the record and the law applicable thereto and committed no reversible error in reaching its decision. The district court's ruling on Morrison's unreasonable search and seizure, abuse of process, theft, and conspiracy to commit excessive force in violation of the Fourth and Fourteenth Amendment claims was based on the record and applicable law. On appeal, Morrison either asserts arguments not made in district court as grounds for reversing summary judgment or fails to demonstrate any error in the district court's rulings that would warrant reversal of judgment in favor of Defendant. Accordingly, this Court should affirm the judgment of the district court.

14

# ARGUMENT

## I. THE DISTRICT COURT DID NOT ERR IN DENYING MORRISON'S MOTIONS TO COMPEL.

The district court correctly denied Plaintiff's multiple motions to compel because the electronic information requested by Plaintiff is wholly irrelevant to Plaintiff's claims relating to unreasonable search and seizure. Based on the following, this Court should affirm the district court's judgment.

## Standard of Review

Defendant is dissatisfied with Morrison's Statement of the Standard of Review. Pursuant to Fed. R. App. P. 28(b)(4), Defendant offers his own Statement of the Standard of Review.

Denial of a motion to compel production of evidence is generally reviewed for gross abuse of discretion. *Elnashar v. Speedway SuperAmerica, LLC,* 484 F.3d. 1046, 1052 (8th Cir. 2007). The Court of Appeals "will not reverse a district court's discovery ruling absent a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Wagner v. Gallup, Inc.* 788 F. 3d 877 (8th Cir. 2015) citing *Tenkku v. Normandy Bank,* 348 F.3d 737, 743 (8th Cir. 2003).

> Appellate review of a district court's discovery rulings is both narrow and deferential. Relief will be granted on the basis of erroneous discovery rulings only where the errors amount to a gross abuse of discretion resulting in fundamental unfairness. This court also applies an abuse of discretion standard to relevancy determinations.

15

*Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 360 (8th Cir. 2003).

<u>Plaintiff's Motions to Compel</u>

Throughout this litigation, Plaintiff has filed at least four motions to compel based on different discovery requests. The motions to compel that are at issue in this appeal specifically concern 1) the production of a CD containing statements and allegations by the minor victim – Morrison's victim – against Morrison; and 2) the electronic properties of "Disk #33," which was seized from Plaintiff's residence on or about November 11, 2013.

<u>Plaintiff's Request for CD containing statements and allegation by the minor victim</u>

On or about November 10, 2017, Plaintiff submitted requests for production to the Defendant in which he requested the "CD containing audio interview of M.M.; Florissant Police Department Property Receipt No. 147664. See Florissant Police Department Chain of Custody document p. 16." On December 11, 2017, Defendant responded and objected to said request stating the following: "This request for production seeks an investigative interview of a minor party and infringes upon that minor's right to privacy." Plaintiff filed a motion to compel production of this CD on March 5, 2018. (Doc. 46). The District Court denied Plaintiff's Motion to Compel on April 16, 2018, stating that the Plaintiff had not made a threshold showing of relevance. (Doc. 58).

16

Plaintiff filed a Motion for Leave to File a Revised Motion for Order Compelling Discovery on April 30, 2018 (which the District Court interpreted as a motion to reconsider). (Doc. 60). The District Court denied this motion for reconsideration on March 19, 2019. (Doc. 98).

Here, Plaintiff is appealing the denial of his request to compel production of a CD which includes an audio recording of the investigative interview of the minor victim, including the victim's extensive description of the atrocious sexual acts against the victim for which the Plaintiff was criminally charged (and ultimately plead guilty and sentenced for). Plaintiff alleges that production of this CD is essential to his claim in Count I regarding the unlawful seizure of his cell phone.

Plaintiff further alleges that the evidence on the CD will support his claim that Officer Hale lied in the procurement of the search warrant (a fact which is completely unsupported and based solely on conjecture, and which Defendant vehemently denies). Any of Plaintiff's claims that Officer Hale purportedly lied on the search warrant are related to Counts II, III, and VIII of his Second Amended Complaint, which have been abandoned on appeal and are not properly before the Court.

Plaintiff has failed to rebut the District Court's analysis and he has not offered any additional facts or argument to support a finding of gross abuse of

17

discretion. The District Court carefully examined, and correctly denied, Plaintiff's Motion to Compel production of the CD containing the minor victim's audio statement.

Disk #33

On or about January 23, 2018, Plaintiff submitted his "Third Request for Electronically Stored Information" to the Defendant in which he requested a printed copy of the data file stored on Disk #33 titled "Michael Jackson.wps" and a printed copy of said disk, including the creation date of the disc. On April 5, 2018, Defendant responded to this request and provided photocopies of the disk and screen shots of its properties, as well as screen shots of the requested file. Defendant was unable to provide further information regarding the "Michael Jackson.wps" file itself, as it was encrypted, but all other information requested by Plaintiff was provided. Plaintiff filed "Secondary Motion for an Order Compelling Discovery" on April 9, 2018. (Doc. 55) and an Amended Secondary Motion regarding the same on April 25, 2018 (Doc. 59). In reviewing all pending discovery motions in its March 19, 2019, Order and Memorandum, the District Court held that Plaintiff's motions were moot because Defendant had produced the requested information. (Doc. 98).

Like most of Plaintiff's court filings throughout this litigation, Plaintiff's allegations regarding Disk #33 are blatant speculation and unfounded

18

conspiracy theory. Plaintiff's sole argument in support of his motion to compel is simply that "he has never owned, possessed or used Memorex brand products of any kind." (Appellant Brief pg. 8). Defendant has consistently objected to the relevance of this request (regarding Disk #33); Defendant nevertheless has produced all documentation that Plaintiff has requested as it applies to Disk #33. That Plaintiff is dissatisfied with Defendant's response and the District Court's review does not amount to fundamental unfairness. Plaintiff has failed to rebut the District Court's analysis, and he has offered no additional facts or argument to support a finding of gross abuse of discretion.

For the foregoing reasons, Plaintiff's first point on appeal should be denied.

## II. THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE ARTICULATED IN *HECK V. HUMPHREY*.

The district court correctly granted Defendant's motion for summary judgment on Morrison's Fourth and Fourteenth Amendment claims because the record demonstrated that the claims were barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477 (1994). Based on the following, this Court should affirm the district court's judgment.

19

## Standard of Review

Defendant is dissatisfied with Morrison's Statement of the Standard of Review. Pursuant to Fed. R. App. P. 28(b)(4), Defendant offers his own Statement of the Standard of Review.

"[This Court reviews] a district court's decision to grant summary judgment *de novo*, applying the same standards for summary judgment as the district court." *Estate of Johnson v. Weber,* 785 F.3d 267, 271 (8th Cir. 2015).

## *Heck v. Humphrey*

The District Court properly set out the legal standard for evaluating Plaintiff's Fourth and Fourteenth Amendment claims.

> In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

> The Supreme Court stated that one reason, among others, for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id.* at 484.

(Order, Doc. 98, p. 6). Further, the District Court noted:

> These claims attack the validity of consent given prior to the initial search of Morrison's residence, as well as the validity of the warrants pursuant to which later searches were performed. The evidence discovered during these searches provided the factual basis pursuant to which Morrison pled guilty. Therefore, it is clear that a decision favorable to Morrison with respect to

20

these allegations would necessarily imply the invalidity of his conviction or sentence.

(Order, Doc. 98, p. 6). Finally, the District Court found that:

> Morrison has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

(Order, Doc. 98, p. 6-7).

Morrison's only post-conviction relief, which was a claim for ineffective assistance of counsel, was denied by the Missouri Court of Appeals. (See *Morrison v. State of Missouri*, Missouri Court of Appeals, Case No. ED105000). Plaintiff has a pending petition for habeas corpus (See *Morrison v. Lewis,* Eastern District of Missouri, Case No. 1:18-CV-00032-DDN), which has not been adjudicated as of the date of this filing. Morrison's conviction or sentence as not been reversed, expunged, declared invalid or called into question. Morrison is still incarcerated and serving time for nineteen (19) counts of statutory rape, statutory sodomy, sexual exploitation of a minor, and child molestation, *inter alia*.

Plaintiff argues that the following "facts" – on which his appeal is based – do not attack the validity of his conviction and sentence:

    a. The alleged seizure of Morrison's cell phone from his person;

    b. The alleged statement made by the victim as to whether Morrison ever used his cell phone to record evidence of child pornography or statutory rape (in conjunction with Morrison's allegations that said statement was

21

the basis of a purported false statement made by Officer Hale in the search warrant affidavit);

c. The alleged "theft" of Disk #33;

d. The alleged unconstitutional search of Morrison's Apple Mac Book Pro computer, specifically as they apply to the data file entitled "Michael Jackson.wpd";

e. Morrison's allegations that Officer Hale purported to conceal the "true CD #33," which was submitted to the prosecuting attorney for use as evidence in trial.

However, these purported "facts" are not based on personal knowledge, nor are they admissible into evidence. Instead, they are pure speculation about what Plaintiff *thinks* happened, including allegations regarding the search at his residence (for which he was not even present), conversations (of which Plaintiff was not a participating party), and broad speculations as to Officer Hale's (as well as other detectives') internal thought processes. It is upon these purported "facts" that Plaintiff offers the conclusory statement that there is no "causal connection" between the claims asserted on appeal and his outstanding criminal judgment, therefore these counts "will not demonstrate the validity of his conviction or sentence and the district court should have allowed these counts to proceed."

Plaintiff's argument as to the application of *Heck* is blatantly incorrect. Each of these claims is an improper collateral attack on Plaintiff's conviction. As the District Court correctly noted in this case, Plaintiff's claims not only attack

22

the validity of the consent given prior to the initial search of Morrison's residence, but also the validity of the warrants pursuant to which the later searches were performed. (Order, Doc. 98, p. 6). Because Plaintiff's claims directly attack the procurement of the consent and the warrant itself, and would necessarily invalidate Plaintiff's convictions and sentences, Plaintiff's claims are clearly barred under *Heck*.

For the foregoing reasons, Plaintiff's second point on appeal should be denied.

## III. THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

The district court correctly held that Plaintiff's claims were barred by the doctrine of collateral estoppel. Based on the following, this Court should affirm the district court's judgment.

### Standard of Review

Defendant is dissatisfied with Morrison's Statement of the Standard of Review. Pursuant to Fed. R. App. P. 28(b)(4), Defendant offers his own Statement of the Standard of Review.

"[This Court reviews] a district court's decision to grant summary judgment *de novo*, applying the same standards for summary judgment as the district court." *Estate of Johnson v. Weber,* 785 F.3d 267, 271 (8th Cir. 2015).

23

## **Collateral Estoppel**

Plaintiff is collaterally estopped from asserting Counts I, XIII, XIV, XV, and XVI against Officer Hale in the present litigation because these counts were the subject of a motion to suppress physical evidence that was fully adjudicated in Plaintiff's underlying criminal prosecution. The District Court correctly noted that Missouri law is determinative in evaluating the preclusive effect given to the state trial court's decision to deny Morrison's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment. In finding that the doctrine of collateral estoppel fully barred Counts I, XIII, XIV, XV, and XVI, the Court reviewed the four elements listed in *Shahan v. Shahan,* 988 S.W.2d 529, 532-33 (Mo. 1999) stating that each element was clearly met:

> In Missouri, issue preclusion will apply when: (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

(Order, Doc. 98, p. 9).

On appeal, Plaintiff argues the first element of *Shahan* is dispositive because the issue decided in the state court suppression hearing involved "evidence discovered in Troy, Missouri, not Morrison's Florissant residence, and through a series of exchanges between private parties." This assertion completely contradicts the record of the suppression proceedings. The initial suppression motion contains

24

nine numbered paragraphs containing various challenges to searches and seizures regarding Plaintiff's arrest and the charges against him. (Defs.' Add., p. 18-19). The State's response to the suppression motion clearly describes three searches: 1) the search of Plaintiff's residence for which Plaintiff's former wife provided written consent; 2) the execution of a search warrant on electronic devices seized as a result of the search at Plaintiff's residence; and 3) the items provided to officers by Plaintiff's former wife some time after the initial search. (Defs.' Add., p. 23). The trial court then held an evidentiary hearing during which it heard testimony from Officer Hale, Det. Timothy Sweeso, and Plaintiff's former wife regarding each of these searches. Taking all of this into consideration, the trial court denied the motion to suppress on its merits, specifically referencing each search in its order. (Defs.' Add., p. 26-27).

The motion to suppress, and subsequent order denying that motion, specifically referenced the search of Plaintiff's residence, and electronic devices. Unquestionably, then, Plaintiff's assertion that the suppression hearings were exclusively held regarding the "Nine TDK DVD+R Discs" and "One Lexar One Gigabyte Thumb Drive" is false and without merit.

Plaintiff also states that the state suppression hearing was "not the appropriate forum" for his challenge as to the unlawful seizure of his cell phone or

25

Disk # 33. These arguments are conclusory and unsupported by the record or any law.

Accordingly, the District Court correctly held that Plaintiff is collaterally estopped from asserting Counts I, XIII, XIV, XV, and XVI in the present litigation. For the foregoing reasons, Plaintiff's third point on appeal should be denied.

## IV. THE DISTRICT COURT DID NOT ERR IN RULING THAT COUNTS I, XIII, XIV, XV, AND XVI ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY

The district court correctly held that Officer Hale was entitled to qualified immunity against Plaintiff's Fourth and Fourteenth Amendment claims. Based on the following, this Court should affirm the district court's judgment.

### Standard of Review

Defendant is dissatisfied with Morrison's Statement of the Standard of Review. Pursuant to Fed. R. App. P. 28(b)(4), Defendant offers his own Statement of the Standard of Review.

"[This Court reviews] a district court's decision to grant summary judgment *de novo*, applying the same standards for summary judgment as the district court." *Estate of Johnson v. Weber,* 785 F.3d 267, 271 (8th Cir. 2015).

### Qualified Immunity

Qualified immunity shields state defendants from liability for civil damages so long as their conduct "does not violate clearly established statutory or

26

constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, the District Court correctly held that Plaintiff has not shown that Officer Hale violated his well-established constitutional or statutory rights when conducting the searches or seizures at issue.

In granting Officer Hale qualified immunity, the District Court noted:

> The Court agrees with Defendant's argument that qualified immunity applies with respect to Plaintiff's claims that Officer Hale violated his constitutional rights when executing the various searches and seizures carried out while investigating the multiple sex crimes of which Morrison was accused. All the complained of searches and seizures were performed pursuant to the voluntary consent given by Morrison's then wife, who resided with Morrison during the time at issue, or were performed in good faith reliance on a valid search warrant. It is well established that the Fourth Amendment's prohibition on warrantless entry into a residence does not apply when voluntary consent has been given. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). It is equally well settled that consent to search may be validly given by a person who possesses "common authority" over the premises searched, such as Morrison's wife and co-resident, and such consent is valid even when an absent, non-consenting person objects to such consent. *See United States v. Matlock*, 415 U.S. 164, 170 (1974). Furthermore, the Eighth Circuit has held that an officer who executed a warrant in good faith belief that the warrant was valid did not violate the Fourth Amendment, and is entitled to qualified immunity. *See Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998).

(Order, Doc. 98, p. 10-11).

Plaintiff argues that the District Court did not take into consideration the alleged "evidence" that Officer Morrison purportedly provided "intentional false statements in his search warrant affidavit." As noted previously, these "intentional false statements" relate to Counts II, III, and VIII of his Second Amended

27

Complaint, which have been abandoned on appeal and are not properly before the Court. Plaintiff's fourth point on appeal specifically states that the Court erred in finding Plaintiff's claims barred by qualified immunity for Counts I, XII, XIV, XV, and XVI (which have been more specifically described in the Statement of the Case, *supra*).

Here again, Plaintiff's arguments rely on pure fabrication, conspiracy theories, and conjecture. There was no evidence before the District Court to support Plaintiff's claims that Officer Hale unlawfully searched or seized Plaintiff or his property or otherwise deprived Plaintiff of any constitutional right in violation of the Fourth or Fourteenth Amendment.

Accordingly, the District Court correctly held that Officer Hale is entitled to qualified immunity regarding Counts I, XIII, XIV, XV, and XVI. For the foregoing reasons, Plaintiff's fourth point on appeal should be denied

## **CONCLUSION**

The District Court's denial of Plaintiff's multiple motions to compel does not amount to fundamental unfairness; nor has Plaintiff failed to controvert the District Court's analysis or offered any additional facts or argument to support an appellate finding of gross abuse of discretion. Moreover, the District Court properly found that Plaintiff's claims were barred by the doctrine set forth in *Heck*, as well as by collateral estoppel. Finally, the district court correctly

28

applied the law to the undisputed facts in granting Defendant Officer Andrew Hale summary judgment based on qualified immunity on all claims, including Count I, XIII, XIV, XVI specific to this appeal. This Court should affirm the District Court's judgment in favor of defendants.

Respectfully submitted,

HELLMICH, HILL & RETTER, LLC

By:        */s/ Rachel Bates*
RACHEL BATES  #68696MO
1049 N. Clay Ave.
Kirkwood, Missouri 63122
Phone: (314) 646-1110
FAX:  (314) 646-1122
Email:  Rachel@hellmichhillretter.com
*Attorneys for Appellee*

29

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2019, a true and accurate copy of the foregoing was served via the Court's electronic filing system to counsel of record.

*/s/ Rachel Bates*

## CERTIFICATE OF SERVICE FOR PAPER BRIEFS

I hereby certify that on July 3, 2019 one (1) hard copy of the foregoing brief was served via U.S. Mail, postage pre-paid, upon the following:

Herbert W. Morrison Jr., No.353076
Southeast Correctional Center
300 East Pedro Simmons Drive
Charleston, Missouri 63834

*/s/ Rachel Bates*

Appellate Case: 19-1832    Page: 31    Date Filed: 07/09/2019 Entry ID: 4806289

## <u>CERTIFICATE OF COMPLIANCE FRAP 32(g)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirement

1.      This brief complies with type-volume limitations of FRAP 32(a)(7)(C)(i) because this brief contains 5,438 words.

2      This brief complies with the typeface requirements of FRAP 32(a)(5) and the type style requirements of FRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2013 in 14 font size, Times New Roman type style. This document is in PDF format and has been scanned for viruses, and is virus-free.

*/s/ Rachel Bates*___
Rachel Bates
Attorney for Appellee

Dated:  July 3, 2019

31